SLAVIZ v. WAHLIG & SONSIN CO. et al. (No. 7182.)

(Supreme Court, Appellate Division, First Department. May 7, 1915.)

1. MASTER AND SERVANT ⬤➡276 — ACTIONS FOR INJURIES — SUFFICIENCY OF EVIDENCE.

In an action for the death of an employé on a building in course of construction, who fell down a stairway opening or well, evidence as to how the accident occurred *held* insufficient, and hence the complaint was properly dismissed.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 950–952, 954, 959, 970, 976; Dec. Dig. ⬤➡276.]

2. MASTER AND SERVANT ⬤➡115—LIABILITY FOR INJURIES—UNSAFE PLACE TO WORK—STATUTORY PROVISIONS.

Labor Law (Consol. Laws, c. 31) § 20, relative to laying floors in buildings in course of construction as the work progresses, and providing that, if the floor beams are of iron or steel, the contractors for the iron or steel work or the owners of the building shall thoroughly plank over the entire tier of iron or steel beams on which the structural iron or steel work is being erected, except spaces reasonably required for the proper construction of such iron or steel work and for raising or lowering materials, does not require that during construction a floor should be laid over a space which has to be permanently open, such as a stairway opening.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 205, 206; Dec. Dig. ⬤➡115.]

Appeal from Trial Term, New York County.

Action by William Slaviz, as administrator, against the Wahlig & Sonsin Company and others. From an order setting aside a judgment dismissing the complaint, and restoring the case to the trial calendar for trial, defendants appeal. Reversed, and judgment reinstated.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, DOWLING, and HOTCHKISS, JJ.

⬤➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Carl Schurz Petrasch, of New York City, for appellant Wahlig & Sonsin Co.

Joseph V. Gallagher, of New York City, for respondent.

HOTCHKISS, J.   [1] Plaintiff's intestate, a laborer employed by defendants Grimaldi and others, copartners, came to his death by falling through a stairway opening or well in a building then under construction.  The defendant Wahlig & Sonsin Company was the owner of the premises, and had given a contract to Grimaldi & Co. to furnish the labor and scaffolding for the front and rough brickwork. The deceased was engaged in trundling mortar in a wheelbarrow, from a hod hoist at a distant point in the building to the bricklayers at work on the front wall.  The building was up to a point above the fourth floor, where the deceased was at work.  The course over which the deceased wheeled his barrow crossed a bridge or scaffold laid across the stairway well.  The well was about 14 feet 6 inches by 6 feet 9 inches, and seems to have been inclosed by brick walls with open spaces intended for doorways.  The scaffold consisted of three 2-inch planks laid across the well between two doorways, and at a point nearest to one of the brick walls, and were nailed to the wooden flooring.  One side of the scaffold was apparently protected by the nearby wall; the other side was guarded by two planks fastened together by a cleat, which in turn was fastened to the edge of each doorway, and also braced to the wall.  The height of this railing or bulwark was not over sixteen inches.

There was no eyewitness to the accident; but the deceased and his barrow, with mortar, were found at the bottom of the shaft, almost immediately under the edge of the bridge.  A bricklayer swore that, about 15 minutes before the accident, deceased had filled his tub and had started back for more mortar.  There was not a particle of evidence to show that the deceased fell from the scaffold, or what caused the accident, and it is a pure matter of speculation as to how he came to his death.  Plaintiff offered no evidence to show that the guard on the side of the scaffold was found broken after the accident; on the contrary, defendant's evidence was to the effect that it was unbroken. Nor was there evidence affording the inference that deceased might have fallen through the space between the wall and the inner edge of the scaffold.  There were four doorways to the well, including those through which the bridge ran.  The widest part of the barrow was 26 inches, and the doorways were from 32 to 36 inches, and from aught that appears to the contrary the deceased might have fallen through one of these openings.  For this reason, I think the dismissal was right as to both of the defendants.

But as to Wahlig & Sonsin Company, there is another ground for reversal.  The respondent attempted to show interference with the work by Wahlig & Sonsin Company, and claims to hold them, under section 18 of the Labor Law, on the ground that they never surrendered control of the work; but the evidence to support this claim was manifestly insufficient, while defendants' testimony made it clear that all that Wahlig & Sonsin Company did was to inspect, rather than

to superintend, the work of the Grimaldi firm, and that it never undertook to do more than to see that the latter kept to their contract. Uppington v. City of New York, 165 N. Y. 222, 59 N. E. 91, 53 L. R. A. 550; Herman v. City of Buffalo (Ct. of App., Feb. 25, 1915) 108 N. E. 451.

[2] An appeal is made to section 20 of the Labor Law, but I cannot see that it has any application. There is nothing in the law which requires during construction a floor to be laid over a space which has to be permanently open, and the part of the section referring to planking over the entire tier of beams as construction proceeds has no application.

The order appealed from should be reversed, with costs, and the judgment reinstated. Order filed. All concur.